Dear Mr. Goss Sheriff Breaux:
This office is in receipt of your opinion request in which you present the following issue:
 Can the Lafayette Parish Sheriff's Office contract with a local private hospital to provide security on a daily basis at that hospital, and may the Sheriff's Office be reimbursed for expenses associated with the security arrangement?
In your letter you state that the hospital is a private institution not affiliated with the state charity hospital system, and that the deputies providing security at the hospital will be commissioned, payed and supervised by the Lafayette Parish Sheriff's Office. Several Attorney General Opinions have been written on related issues and are discussed as follows:
Attorney General Opinion Number 80-582 dealt with whether the St. Tammany Parish Sheriff's Department could contract with a private club to provide full-time commissioned deputies in return for the club reimbursing the salary and expenses of the deputies. Referring to Attorney General Opinion Number 79-939 as authority, this opinion concluded that the Sheriff's Department could make such a contract with the private club. This opinion stated that since there are no specific legislative provisions, either permitting or prohibiting a sheriff's department from entering into such a contract, then such a contract for the such services could be provided.
Attorney General Opinion Number 84-125 discussed whether or not a chief of police could accept payment from a private organization for the use of the town's police officers and police cars. Citing LSA-R.S. 14:140 and Attorney General Opinion Number 80-582, this opinion concluded that the police department may contract with a private organization for the purpose of providing security in return for reimbursement of salaries and expenses for the police officers involved as long as this activity is within the territorial bounds of the municipality.
LSA-R.S. 14:140 (A)(3) entitled Public Contract Fraud, prevents a sheriff or a deputy sheriff from forcing a person to pay money for the services that the officers were already required to perform by their employment as law enforcement officers. SeeState vs. Berry, 391 So.2d 406 (La. 1980). The Louisiana Supreme Court in Berry, stated:
 a deputy sheriff could not require a bank to pay him for answering a robbery call, a duty he is already required to perform by his employment as a deputy sheriff. In the case at bar, Deputy Cochran was being paid to station himself at the bank as a security guard during his normal off duty time, in the bank, a duty or job which he was not already required to perform. There is nothing unlawful about the arrangement Deputy Cochran had with the bank. The bank contacted the Sheriff's Department about obtaining someone for the position, the Sheriff's Department assigned the officer the job, and the whole arrangement was quite legal.
The Lafayette Parish Sheriff's Office can contract with a private hospital to provide security at the hospital and to be reimbursed for the expenses associated with the security agreement as long as LSA-R.S. 14:140 (A)(3) is not violated.
We hope the foregoing addresses your concerns. If you need further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb